# EXHIBIT 1

DocuSign Envelope ID: E969AD1A-1E5A-4E5C-A5D9-E6069E11E74A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into as of October 21, 2021 by and between JOSEPH FRAPANPINA III, on behalf of himself and all others similarly situated (collectively, "Frapanpina"), on the one hand, and GARDA CL GREAT LAKES, INC. ("Garda"), on the other hand. Frapanpina and Garda are collectively referred to as the "Parties." Frapanpina and Garda agree to do all things and procedures reasonably necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Garda of the consideration expressed in this Agreement subject to the terms, conditions and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims as set forth in this Agreement; and (c) other valuable monetary and non-monetary consideration as set forth in this Agreement. This Agreement is contingent upon preliminary and final approval by the Court as set forth herein and is entered into voluntarily by the Parties for settlement purposes only.

Capitalized terms herein shall have the meaning ascribed to them in Part IV Definitions of this Agreement.

## I. INTRODUCTION AND NATURE OF ACTION

1. Frapanpina filed a lawsuit against Garda alleging failure to pay proper overtime in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). *Joseph Frapanpina III, on behalf of himself and all others similarly situated v. Garda CL Great Lakes, Inc.*, No. 19-cv-00493 (N.D. Ill.) (the "Lawsuit").

2. Garda denied and has continued to deny that it violated the FLSA or the IMWL.

3. After extensive discovery, Garda filed a motion for summary judgment in the Lawsuit. The Court granted in part and denied in part the motion for summary judgment, awarding

DocuSign Envelope ID: E969AD1A-1E5A-4E6C-A5D9-E6069E11E74A

summary judgment to Garda on the IMWL claim and denying summary judgment on the FLSA claim.

4. The Parties now wish to settle all matters in dispute between them without further contested proceedings.

NOW, THEREFORE, the Parties agree as follows:

## II. CONDITIONAL NATURE OF THIS AGREEMENT

5. This Settlement Agreement is made for the sole purpose of attempting to consummate settlement of this action on a collective/class action basis under the FLSA and Rule 23 of the Federal Rules of Civil Procedure. This Agreement and the settlement it evidences are made in compromise of disputed claims. Because this is a collective/class action settlement and also because it involves the FLSA, it must receive approval from the Court. Accordingly, Garda enters into this Agreement and associated settlement on a conditional basis. In the event that the Court does not execute and file an order granting approval of the settlement, or in the event that the Court does not enter the Judgment, or in the event that the associated Judgment does not become Final for any reason, this Settlement Agreement shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of it shall remain subject to the provisions of Rule 408 of the Federal Rules of Evidence, and the Parties shall revert to the same position as they were prior to entering into this Agreement.

## III. THE LAWSUIT AND GARDA'S DENIAL OF LIABILITY

6. Garda denies any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit, and denies any liability or wrongdoing whatsoever. Garda contends, among other things, that it has complied at all times with the FLSA and IMWL, and all other

2

DocuSign Envelope ID: E969AD1A-1E5A-46EC-A5D9-E6069E11E74A

federal, state and local wage laws, and further contends that the Lawsuit is without merit. Garda has denied and continues to deny each and every material factual allegation and alleged claim asserted against it in the Lawsuit. The Court previously ruled in the Lawsuit that driver/messengers are exempt from the overtime provisions of the IMWL. Garda further contends that it was entitled to rely upon the ruling in *Jaramillo v. Garda, Inc.,* No. 12-C-662, 2012 WL 4955932 (N.D. Ill. Oct. 17, 2012), in which another judge of the Court held that Garda's driver/messengers are exempt from overtime under the FLSA and IMWL, and which has not been overruled. Nevertheless, Garda is willing to pay a reasonable amount in order to resolve this matter in light of the distraction to Garda's business and expense posed by continuing to defend this Lawsuit.

7. The Parties recognize that, absent settlement, the issues presented in the Lawsuit are likely to be resolved only with extensive and costly pretrial, trial and appeal proceedings, and that further litigation will cause inconvenience, distraction, disruption, delay, and expense disproportionate to the potential benefits of litigation in light of the risk and uncertainty of the outcome inherent in any litigation.

8. Class Counsel represent that they have diligently pursued an investigation, discovery and depositions of the Class Members' claims against Garda.

9. Based on their own independent investigations and evaluations, Joseph Frapanpina III and Class Counsel are of the opinion that the settlement for the consideration and on the terms set forth herein is fair, reasonable, and adequate and is in the best interests of Joseph Frapanpina III and the Class Members in light of all known facts and circumstances and the risks inherent in litigation, including potential appellate issues.

10. The purpose of this Agreement is to settle and compromise the Lawsuit and all Released Claims that Joseph Frapanpina III and the Class Members have under the FLSA and

#85025726_v4

DocuSign Envelope ID: E969AD1A-1E5A-46CC-A5D9-E6069E11E74A

IMWL against Garda and the Released Parties. Neither the existence of this Agreement nor anything contained in this Agreement shall be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Garda. The Parties expressly recognize that the making of this Agreement does not in any way constitute an admission or concession of wrongdoing on the part of Garda. Nothing in the Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of this Lawsuit, is intended by the Parties to, nor will any of the foregoing constitute, be introduced, be used or be admissible in any way in any other judicial, arbitral, administrative, investigative or other forum or proceeding, as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Neither this Agreement nor any resulting Court order approving the settlement or judgment shall have any collateral estoppel or other preclusive effect on Garda, and it shall not in any way establish any liability against Garda.

## IV. DEFINITIONS

11. "Affected Class Members" are Class Members (defined below) who do not timely and properly follow the procedure specified in the Class Notice approved by the Court to validly "opt out" of the Settlement and who do not submit a valid Claim Form, attached hereto as Exhibit B (and which will accompany the Class Notice, as defined below).

12. "Agreement" means this Settlement Agreement and Release.

13. "Claim Form" means the claim form that a Class Member must sign and return to the Settlement Administrator to receive a Settlement Check and become a Qualified Class Member, attached hereto as Exhibit B (and which will accompany the Class Notice).

#85025726_v4

DocuSign Envelope ID: E969AD1A-1E5A-465C-A5D0-E6069E11E74A

14. "Class Counsel" shall refer to Terrence Buehler of The Law Office of Terrence Buehler and Peter S. Lubin and Patrick D. Austermuehle of Lubin Austermuehle, P.C.

15. "Class Members" or "Class" shall mean all FLSA Collective Members and all Rule 23 Class Members, as defined below, during the Class Period, as defined below.

16. "Class Notice" means the Court-approved Class Notice of Proposed Settlement of Class Action and Collective Action Lawsuit, Conditional Certification of the Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, attached hereto as Exhibit A.

17. "Class Period" refers to the period between January 24, 2017 and June 30, 2021.

18. "Court" refers to the United States District Court for the Northern District of Illinois.

19. "Effective Date" shall mean the date that the Judgment becomes Final (as defined below).

20. "Fair Labor Standards Act" or "FLSA" shall mean the statute codified at 29 U.S.C. §201 et seq.

21. "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

22. "Final" means the point at which the Judgment has become final and irreversible because either (i) no appeal has been taken from the Judgment within 30 days of its entry or extension of time granted under Federal Rule of Appellate Procedure 4 or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and is no longer subject to review, whether by direct appeal, writ of certiorari, motion for reconsideration, motion for rehearing or rehearing en banc, or otherwise, and such appeal or other review has been finally resolved in a manner that materially affirms the

#85025726_v4

DocuSign Envelope ID: E969AD1A-1E5A-4B5C-A5D9-E6069F11E74A

Judgment. Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or costs shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

23. "Final Approval" means that the Settlement has been finally approved by the Court and either: (1) upon timely appeals, the United States Court of Appeals for the Seventh Circuit and the United States Supreme Court have declined to consider, affirmed, or otherwise approved the Court's Final Approval and the applicable date for seeking further appellate review has passed; or (2) the applicable date for seeking appellate review of the Court's Final Approval of the Settlement has passed without timely appeal or request for review having been made and cannot be extended.

24. "Final Approval Order" means the Order entered by the Court after the Fairness Hearing that approves the material terms and conditions of this Agreement and the distribution of the Settlement Checks and Service Award, and that dismisses the Lawsuit.

25. "FLSA Claims" shall refer to all wage and hour claims arising under federal law, including, without limitation, claims for unpaid overtime.

26. "FLSA Collective Members" means all persons who were employed by Garda as Driver/Messengers at Garda's Broadview, Illinois, Bloomington, Illinois and Rockford, Illinois branches, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") in connection with their work for Garda at any point during the Class Period.

27. "Garda" means Garda CL Great Lakes, Inc.

28. "Garda's Counsel" or "Counsel for Garda" shall refer to Mark L. Shapiro, Phillip M. Schreiber and Kelly D. DeWitt of Holland & Knight LLP.

#85025726_v4

29. "Gross Settlement Amount" or "Settlement Amount" shall mean and refer to the maximum, total gross amount that Garda potentially is obligated to pay under the terms of the proposed settlement, which shall be up to Three Hundred Sixty Thousand Five Hundred Dollars ($360,500.00) (except for Garda's share of payroll taxes). Under no circumstances shall Garda be obligated to pay any amount other than the Settlement Amount and its share of payroll taxes.

30. "Illinois Minimum Wage Law" or "IMWL" shall mean the statute codified at 820 ILCS 105/1 et seq.

31. "Judgment" means the judgment to be entered by the Court pursuant to this Settlement Agreement, which shall be a judgment in the same or substantially the same form as Exhibit C.

32. "Net Settlement Amount" shall mean and refer to the portion of the Gross Settlement Amount that is allocated to Settlement Shares to Qualified Class Members, which shall be up to the Gross Settlement Amount less the payments for a) attorneys' fees, expenses, and costs, b) Service Award, and c) costs of settlement administration authorized by Section 54.

33. "Non-Participating Class Member" means a Class Member who follows the procedure specified in the Class Notice approved by the Court to validly "opt out" of the Settlement (by stating that he or she opts out of the Rule 23 Class and does not consent to become a party plaintiff in the Lawsuit under the FLSA Section 16(b) collective action procedure).

34. "Opt-In Plaintiffs" shall mean Class Members who meet the collective action requirements of the FLSA, give their consent in writing to become a party plaintiff in the Lawsuit, and file such consent with the Court.

7

DocuSign Envelope ID: E969AD1A-1E5A-465C-A5D9-E6069F11F74A

35. The "Opt-Out Period" will be a date 60 days from the mailing of the Class Notice to the Class Members.

36. "Potential Class Member's Share" shall mean and refer to each Potential Class Member's individual share of the Net Settlement Amount allocated to the Potential Class Members in accordance with Section 54(a) of this Agreement.

37. "Potential Class Members" shall mean all individuals who were employed by Garda as Driver/Messengers at Garda's Broadview, Illinois, Bloomington, Illinois and Rockford, Illinois branches, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") in connection with their work for Garda at any time during the Class Period.

38. "Potential Opt-In Plaintiffs" shall mean Potential Class Members who are entitled to become Opt-In Plaintiffs under the collective action requirements of the FLSA.

39. "Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, and directing the manner and timing of providing Class Notices to the Class Members.

40. "Qualified Class Member" means those Class Members who timely and properly submit a Claim Form, attached hereto as Exhibit B (and which will accompany the Class Notice), thereby a) becoming an Opt-In Plaintiff under the FLSA Section 16(b) collective action provisions by giving their consent in writing to become a party plaintiff in the Lawsuit, and filing such consent with the Court, and b) waiving their right to opt-out of the Rule 23 class.

41. "Released Parties" means those persons and entities referred to in Section 57 hereof.

42. "Rule 23 Class" or "Rule 23 Class Members" means all persons who were employed by Garda as a driver/messenger at Garda's Broadview, Illinois, Bloomington, Illinois and

#85025726_v4

Rockford, Illinois branches, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") in connection with their work for Garda at any point during the Class Period, and who for the purpose of this settlement meet the requirements of Federal Rule of Civil Procedure 23 for purposes of the Rule 23 settlement class.

43. "Service Award" means a special payment made to the named plaintiff Joseph Frapanpina III to compensate him for initiating the Lawsuit, performing work in support of, or otherwise participating in, the Lawsuit, undertaking the risk of liability for attorney's fees and expenses in the event Plaintiffs were unsuccessful in the prosecution of the Lawsuit, and/or providing a general release to the Released Parties as described in Section 59 below.

44. "Settlement" means the disposition of the Lawsuit and all related claims effectuated by, and in accordance with the terms of, this Agreement.

45. "Settlement Administrator" means the organization jointly retained by the Parties responsible for the claims administration process as provided herein.

46. "Settlement Checks" shall mean the checks generated by Garda and mailed out by the Settlement Administrator to pay the Settlement Shares, less any Applicable Deductions (defined below).

47. "Settlement Forms" means the Class Notice (Exhibit A hereto) and the Claim Form (attached as Exhibit B hereto).

48. "Settlement Share" means each Class Member's share of the Settlement Amount as provided for in this Agreement.

49. "State Claims" shall refer to all wage and hour claims, including, without limitation, claims for unpaid overtime, arising under the laws of Illinois.

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

50. "Straight Time Rate" or "Regular Rate" shall mean the "Straight Overtime" rate for hours worked greater than 40 hours and up to 50 hours per week as shown in Garda's records.

51. "Wage" or "wages" shall mean, for claims under the FLSA, wages as defined under FLSA section 3 and pertinent precedent interpreting it, and for claims under the IMWL, wages as defined under IMWL section 3 and pertinent precedent interpreting it.

## V. TERMS OF SETTLEMENT

52. In consideration of the mutual covenants, promises, and representations set forth in this Agreement, Frapanpina, on behalf of himself and the proposed Class, and Garda agree to settle and compromise the Lawsuit and the Released Claims, subject to the terms and conditions set forth in this Agreement.

53. The Gross Settlement Amount. As consideration for the settlement described herein and the releases contained in this Agreement, Garda agrees to pay the Gross Settlement Amount of up to Three Hundred Sixty Thousand Five Hundred Dollars ($360,500.00) on a claims made basis in full settlement of disputed claims, on the conditions set forth below. The Gross Settlement Amount covers a) all Settlement Share payments to Qualified Class Members, b) a Service Award to the named plaintiff, c) Class Counsel's attorney's fees, costs and expenses including all attorney's fees, costs and expenses incurred to date and to be incurred in preparing Settlement documents, securing trial and appellate court approval of the Settlement, attending to the administration of the Settlement and obtaining dismissal of the Lawsuit, and d) the Settlement Administrator's fees and expenses, and in no event shall Garda be obligated to pay more than the Gross Settlement Amount pursuant to this Agreement. Defendant's share of Payroll Taxes is not included in the Gross Settlement Amount.

54. The Gross Settlement Amount will include the following payments:

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

(a) <u>Settlement Shares to Qualified Class Members</u>. Garda will pay Qualified Class Members who submit claims that meet the requirements of this Agreement a total in the aggregate of up to Two Hundred Forty Thousand Three Hundred Thirty Three Dollars ($240,333.00), less applicable tax deductions and withholdings in accordance with applicable IRS, state and local rules, guidance and formulas including payroll taxes applicable to such payments, on a claims made basis. Only Qualified Class Members will be entitled to receive a Settlement Share under this Agreement.  The allocation of Settlement Shares will be made from the Net Settlement Amount (i.e., the Gross Settlement Amount, less the payments for i) Class Counsel's attorneys' fees, expenses, and costs, ii) Service Award, and iii) costs of Settlement Administration). The amount paid to each Class Member who qualifies for payment (the individual Settlement Share) shall be equal to Seventy Percent (70%) of the overtime premium alleged due for hours 40-50. This amount will be calculated, based on Garda's records, which are presumed to be valid and accurate, as the product of: i) One Half (1/2) of the individual's straight time hourly rate for the week in question, multiplied by ii) the number of hours worked in excess of 40 hours and less than 50 hours in any workweek during the Class Period in which the individual drove or rode in a vehicle with a Gross Vehicle Weight Rating (GVWR) of 10,000 pounds or less ("Light Vehicle") as part of his or her employment by Garda as a driver/messenger for one or more days, multiplied by iii) Seventy Percent (70%). If the total claims made exceed the total amount available in this section after deduction of the Service Award in Section 54 (b) and the costs of Settlement Administration under Section 54 (c), then claims under this section will be paid pro rata, determined by dividing the amount of an individual's allowed claim by the total amount of allowed claims under this section.

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069F11F74A

(b) <u>Service Award.</u>  Garda will also pay a Service Award, to be paid out of the Gross Settlement Amount, to Joseph Frapanpina III individually in the amount of Five Thousand Dollars ($5,000.00), less applicable tax deductions and withholdings, in addition to his Settlement Share, if he signs a general release described in Section 59, and to compensate him for his service as named plaintiff in the Lawsuit. Frapanpina will receive an IRS W-2 Form with respect to the Service Award. Only Frapanpina individually will be entitled to a Service Award under this Agreement.

(c) <u>Settlement Administration.</u> Garda will pay the fees and costs of the settlement administrator, to be paid out of the Gross Settlement Amount.

(d)  <u>Payment of Attorney's Fees and Costs.</u> Garda will also pay one-third of the Gross Settlement Amount, i.e., One Hundred Twenty Thousand One Hundred Sixty Seven Dollars ($120,167.00), to be paid out of the Gross Settlement Amount, to Class Counsel for attorney's fees and costs in the Lawsuit. Any attorney's fees and costs awarded to Class Counsel, hereinafter referred to as "Class Counsel Fees & Costs," shall fully compensate and reimburse Class Counsel for any and all of the work already performed in connection with the Lawsuit and all work remaining to be performed in fully and finally resolving the Lawsuit, including but not limited to securing Court approval of this Settlement, attending any court hearings, making sure that the Settlement is fairly and properly administered, defending the Settlement in any appeal or other post-approval matter, all other work that Class Counsel has performed or will perform, and all costs and expenses that Class Counsel has incurred or will incur. Any portion of the fees and costs requested by Class Counsel that are not awarded by the Court will retain its status as part of the Gross Settlement Amount. Garda shall have no additional liability for Class Counsel's

#85025726_v4

attorney's fees, expenses and costs beyond the amounts defined in this paragraph. Class Counsel will receive an IRS Form 1099 with respect to its awarded attorney's fees, costs and expenses.

55. <u>Tax Treatment of Settlement Amounts</u>. With regard to Settlement Share payments to Qualified Class Members (including Frapanpina) and payment of the Service Award, Garda through the Settlement Administrator shall be responsible for issuing all necessary tax forms. These payments shall be reported as wage payments in the year of payment and reported on an IRS Form W-2 with withholdings and payroll taxes. Nothing in this Agreement is intended to constitute legal advice regarding federal, state, or local tax obligations. The Parties make no representations to one another or to any Qualified Class Member or to Frapanpina as to the tax treatment or legal effect of the payments called for hereunder, and such individuals are not relying on any statement or representation by the Parties, Class Counsel or Garda's Counsel in this regard. Qualified Class Members and Frapanpina understand and agree that they will be responsible for the payment of any taxes, interest and penalties assessed on the payments described herein and will hold the Parties, Class Counsel and Garda's Counsel free and harmless from and against any claims, liabilities, costs and expenses, including attorney's and accountant's fees and expert and consultant's fees, resulting in any way from personal tax treatment of the payments made pursuant to this Agreement. To the extent that this Agreement or any of its attachments is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code or other tax law. Neither the Parties, Class Counsel, nor Garda's Counsel are responsible for any individual's tax obligations arising from the settlement payments.

13

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

56. <u>Effect of Non-Participating Class Members and Affected Class Members, Who Are Not Qualified Class Members.</u>

(a)  <u>Non-Participating Class Members.</u> Each Class Member who follows the procedure specified in the Class Notice Approved by the Court to validly "opt out" of the Settlement (by stating that he or she opts out of the Rule 23 Class and does not consent to become a party plaintiff in the Lawsuit under the FLSA Section 16(b) collective action procedure) will be a Non-Participating Class Member and will not receive a Settlement Share and will not be bound by the Settlement.

(b) <u>Affected Class Members.</u> Each Class Member who neither returns a Claim Form, nor follows the procedure specified in the Class Notice Approved by the Court to validly "opt out" of the Settlement will be an Affected Class Member who will be deemed to have released all State Claims (as further explained in Section 58), but who will not receive a Settlement Share. Only Qualified Class Members (those who become an Opt-In Plaintiff under the FLSA collective action provisions by giving their consent in writing to become a party plaintiff in the Lawsuit and filing such consent with the Court, and who waive their right to opt-out of the Rule 23 class) will receive a Settlement Share.

(c) <u>Limited Reversion to Garda</u>. Settlement Shares of all Non-Participating Class Members and Affected Class Members shall revert to Garda after all Settlement Shares have been paid to Qualified Class Members.

(d) <u>Option to Withdraw Settlement</u>. Garda will have the option to withdraw from the Settlement if more than Ten Percent (10%) of Class Members or Frapanpina individually follow the procedure specified in the Class Notice approved by the Court to validly "opt out" of the Settlement and become Non-Participating Class Members. Should Garda wish to exercise

14

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

this option, Garda must inform Class Counsel and the Settlement Administrator via e-mail within ten (10) days of the end of the Opt-out Period.

## VI. RELEASES

57. <u>Release By Qualified Class Members.</u> By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, each Qualified Class Member forever and fully releases Garda and every and all of its present and former predecessors, successors, assigns, parents, subsidiaries, divisions and affiliates of whatever form and all of its and those entities' current and former owners, partners, stockholders, managing agents, members, agents, directors, officers, employees, principals, heirs, representatives, attorneys, accountants, auditors, consultants, insurers and reinsurers, benefits plans, plan fiduciaries and administrators, any person acting directly or indirectly in the interest of Garda in relation to its employees, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit (collectively, the "Released Parties"), from all claims that are based upon, or arise out of the facts, acts, transactions, occurrences, events, or omissions alleged in the Lawsuit and that arose at any time up until the time of the entry of the Judgment, including, but not limited to, wage and hour claims, rights, demands, liabilities and causes of action that were asserted or could have been asserted, under federal, state, local, or other applicable law by and on behalf of the Class in the Lawsuit (the "Released Claims"). The Released Claims include all claims under any federal, state, or local wage and hour laws, including, without limitation, the FLSA Claims and State Law Claims, as well as claims under the Illinois Wage Payment and Collection Act, whether known or unknown, suspected or unsuspected, asserted or unasserted, accrued or unaccrued, liquidated or unliquidated, of any kind whatsoever for wages, damages, unpaid costs,

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

penalties, liquidated damages, treble damages, punitive damages, interest for unpaid regular or overtime wages, any related wage and hour claims, all related derivative benefit claims (both ERISA and non-ERISA benefits), interest on such claims, and attorney's fees and costs related to such claims, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, from the beginning of time through the date of the Judgment. The Released Claims include, without limitation, claims asserted in the Lawsuit and any other claims based on alleged misclassification under federal, state or local law governing overtime pay, failure to pay overtime, exempt status, denial of meal periods and rest breaks, denial of waiting time, on-call, standby time, any claim arising prior to the entry of Judgment for relief of any kind under the FLSA, the IMWL, the Illinois Wage Payment and Collection Act, or any other federal, state or local law pertaining to wages and hours, including but not limited to claims based on any of the following: (1) failure to pay wages for all hours worked; (2) failure to pay regular wages, minimum wages, or overtime wages; and (3) to the extent not covered by the foregoing, claims that were asserted or could have been asserted based on the facts alleged in the Lawsuit. The Released Claims include, but are not limited to, all FLSA or IMWL claims based on alleged violations of FLSA Section 7 or IMWL Section 4a.

58. <u>Release by Affected Class Members</u>. By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, if any, each Affected Class Member forever and fully releases the Released Parties from all Released Claims, excepting only wage and hour claims under the FLSA (to the extent, if at all, that such FLSA claims have not separately been released).

59. <u>General Release by Frapanpina individually as Consideration for Service Award.</u> Effective upon Final Approval, Frapanpina individually, who receives a Service Award, releases and

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

discharges the Released Parties from all claims asserted, or claims, rights, demands, liabilities, and causes of action that have been or could have been asserted, under all federal, state, or local laws ("Service Award Released Claims"). The Service Award Released Claims include any and all claims arising under federal, state, or local law, including, but not limited to, all wage and hour laws, antidiscrimination laws, and employee benefit laws. The Service Award Released Claims include, but are not limited to, all claims arising under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Civil Rights Act of 1991, the Federal Family Medical Leave Act, the Equal Pay Act, and the statutes and regulations of any state relating to the foregoing, whether known or unknown, suspected or unsuspected, asserted or unasserted, accrued or unaccrued, of any kind whatsoever, arising at any point prior to entry of the Judgment, including without limitation, claims for wages, damages, unpaid costs, penalties, liquidated damages, treble damages, punitive damages, interest for unpaid regular or overtime wages, any related wage and hour claims, all related derivative benefit claims (both ERISA and non-ERISA benefits), interest on such claims, and attorney's fees and costs related to any Service Award Released Claims, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, from the beginning of time through the date of the Judgment. Excluded from this release are any claims or rights which cannot be waived by law, such as claims under the Illinois Workers' Compensation Act including the following workers' compensation claims by Frapanpina: *Frapanpina v. Garda Cash Logistics and Gardaworld Security Corp.*, Nos. 13 WC 17524 & 16 WC 4572 (consolidated) (Ill. Workers Comp. Comm.).

Also excluded from this release are the right to file a charge of discrimination with an administrative agency and the right to participate in an investigation or proceeding conducted by

17

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

an administrative agency. Frapanpina hereby does waive his right to any monetary recovery or other relief in connection with such a charge filed by him or anyone else, and hereby assigns to Garda all his right, title and interest in any monetary recovery or other relief obtained in any proceeding.

With regard to the release of claims under the Age Discrimination in Employment Act, Frapanpina is hereby advised to consult with an attorney prior to executing this Agreement. Frapanpina will be given at least 21 days to consider the terms of this Agreement. Frapanpina may revoke this Agreement by delivering a written notice of revocation to Eva Parisi, Garda CL Great Lakes, Inc., 2500 S. 25th Ave., Broadview, IL 60125, no later than the close of business on the seventh day after he signs it. Revocations delivered by mail must be postmarked by the seventh day after signing this Agreement. Any revocation must be accompanied by repayment of all consideration already tendered under the terms of this Agreement.

60. <u>Class Counsel</u>. Class Counsel and Frapanpina, on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Garda for attorney's fees, costs and expenses associated with Class Counsel's representation of Frapanpina and the Class. Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorney's fees, costs and expenses associated with Class Counsel's representation of these individuals.

61. <u>Waiver of Unknown Claims.</u> It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims and Service Award Released Claims that were or could have been asserted against the Released Parties, whether known or unknown, liquidated or unliquidated. Affected Class Members, Qualified Class Members, and Frapanpina

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims and the Service Award Released Claims, but upon the entry of Final Approval, the Affected Class Members, Qualified Class Members, and Frapanpina shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Service Award Released Claims, respectively, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law of equity now existing or coming into existence in the future accruing from the beginning of time through the date of entry of Final Approval, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

## VII. SETTLEMENT ADMINISTRATOR

62. Within 21 days after the execution of this Agreement, the Parties shall retain a Settlement Administrator. The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of the claims administration process as confidential and to use such information solely for purposes of claims administration. The fees and expenses of the Settlement Administrator shall be paid exclusively out of the Gross Settlement Amount. The Settlement Administrator shall be required to agree in writing to a reasonable cap for fees and expenses for claims administration work. The difference, if any, between the Settlement Administrator's actual fees and the reasonable cap on fees to which the Settlement Administrator and the parties agree shall become part of the Settlement Shares within 60 days after Final Approval.

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

63. The Settlement Administrator will be responsible for the mailing of Class Notices and the verification of Claim Forms returned by Class Members in accordance with the Court's Preliminary Approval Order, calculating the Notice Settlement Share amounts to be included in the Class Notices, calculating the Settlement Shares in accordance with the Court's Final Approval Order, sending Garda the Settlement Share amounts for each Qualified Class Member (the Final Settlement Share Calculation(s)), distributing the Settlement Checks and the Service Award, and promptly forwarding Claim Forms and any documents in connection with a Class Member's efforts to "opt out" of or object to the Settlement to Class Counsel and Garda's Counsel.

64. The Settlement Administrator shall submit to Class Counsel and Garda's Counsel the Settlement Share calculations for all Class Members to be used in the Class Notice (Notice Settlement Share Calculations) within thirty (30) days following Preliminary Approval. In calculating the Notice Settlement Share Calculations, the Settlement Administrator shall assume that Class Counsel receives the full amount of Class Counsel Fees & Expenses contemplated in Section 54 (d), that Frapanpina receives the full Service Award contemplated in Section 54 (b), and that the Settlement Administrator requests payment up to the reasonable cap to which the parties and the Settlement Administrator agree, as contemplated in Section 62.

65. The Parties shall inform the Settlement Administrator within ten (10) days following the receipt of the Notice Settlement Share Calculations if they jointly have any proposed revisions to the Notice Settlement Share Calculations. The parties shall work in good faith to resolve any differences over the revisions to the Notice Settlement Share Calculations and shall only seek Court intervention to resolve such differences in extraordinary circumstances.

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

66. The Settlement Administrator shall submit to Class Counsel and Garda's Counsel the Settlement Share calculations for all Qualified Class Members (Preliminary Settlement Share Calculations) within ten (10) days following Final Approval pursuant to Section 54 (a). For purposes of determining the Net Settlement Amount, the Settlement Administrator shall use the actual amount of attorneys' fees approved by the Court in the Final Approval and shall assume the Settlement Administrator requests payment up to the reasonable cap to which the parties and the Settlement Administrator agree, as contemplated in Section 62.

67. Class Counsel and Garda's Counsel must provide the Settlement Administrator with any revisions to the Preliminary Settlement Share Calculations, if any, within ten (10) days of receiving them. All Preliminary Settlement Share Calculations for which the Parties propose no revisions become Final Settlement Share Calculations ten (10) days after the parties receive the Preliminary Settlement Share Calculations. All Preliminary Settlement Share Calculations that the Parties jointly revise shall become Final Settlement Share Calculations ten (10) days after the Settlement Administrator receives any such joint revisions from the Parties.

68. If, after good faith negotiations, the Parties cannot agree on revisions to the Preliminary Settlement Share Calculations (if any), they shall seek Court intervention within ten (10) days of receiving the Preliminary Settlement Share Calculations. In the event such Court intervention is necessary, all deadlines herein concerning the payment of the Settlement Shares shall be suspended until the Court resolves the dispute. The Court's resolution of any dispute with respect to Preliminary Settlement Share Calculations shall constitute Final Settlement Share Calculations.

69. Final Settlement Share Calculations are not subject to challenge, including by the Class Members or by the Parties.

#85025726_v4

DocuSign Envelope ID: F969AD1A-1E5A-465C-A5B0-E6069E11E74A

70. The Settlement Administrator shall send Garda's Counsel all Final Settlement Share Calculations within three (3) business days of when all Final Settlement Share Calculations are determined for all Qualified Class Members.

71. Garda shall send the Settlement Administrator the Settlement Checks and Service Award check within twenty-one (21) days of receiving the Final Settlement Share Calculations.

72. The Settlement Administrator shall mail the Settlement Checks and Service Award within ten (10) days of receipt from Garda.

73. Payment of Class Counsel's attorney's fees and expenses will also be made to Class Counsel within sixty (60) days following Final Approval. Payment of the Settlement Administrator's fees shall also be made within Sixty (60) days following Final Approval.

74. Any Settlement Check that remains uncashed after ninety (90) days of issuance to a Class Member shall be deemed null and void and will become part of the Gross Settlement Amount subject to reversion to Garda after all Settlement Shares have been paid to Qualified Class Members, the Service Award has been paid to Frapanpina, the Settlement Administration fees and costs have been paid, and after the Class Counsel Fees & Costs have been paid.

75. The Parties will have equal access to the Settlement Administrator, and the Settlement Administrator will provide regular reports to the Parties, but no less frequently than every two (2) weeks, regarding the status of the mailing of the Class Notices and Settlement Forms to Class Members, the settlement administration process, and distribution of the Settlement Checks.

76. Garda will reasonably cooperate with the Settlement Administrator by providing accurate information to the extent reasonably available and necessary to calculate the Settlement Shares and by assisting the Settlement Administrator in locating Class Members.

## VIII. PRELIMINARY SETTLEMENT APPROVAL PROCEDURE

77. By October 22, 2021 Class Counsel shall file with the Court a Joint Motion for Preliminary Settlement Approval ("Preliminary Approval Motion") which shall include a proposed order (the "Preliminary Approval Order"):

(a) Preliminarily certifying the proposed collective and class for settlement purposes under the FLSA and Federal Rule of Civil Procedure 23;

(b) Appointing Terrence Buehler of The Law Office of Terrence Buehler and Peter S. Lubin and Patrick D. Austermuehle of Lubin Austermuehle, P.C. as Class Counsel;

(c) Appointing Joseph Frapanpina III as Class Representative for the Settlement Class;

(d) Approving the procedure for appointing a Settlement Administrator;

(e) Preliminarily approving the Agreement and its terms as fair, reasonable, and adequate;

(f) Scheduling the Final Approval Hearing; and

(g) Approving the form and content of the Class Notice and directing the mailing of same.

78. The Preliminary Approval Motion will set forth the date(s) by which Class Members must opt-out of this Agreement, submit Claim Forms, or, as applicable, provide objections to this Agreement. This date will be sixty (60) days from the mailing of Class Notice to the Class Members (the Opt-Out Period).

79. In the Preliminary Approval Motion, the Parties consent to the following process and will inform the Court of the intended process to obtain a Final Approval Order and a Judgment of Dismissal that will, among other things, (1) approve the settlement as fair, adequate, and reasonable; (2) incorporate by reference the terms of the Release, as described herein; (3) dismiss

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

the Lawsuit with prejudice; (4) award Class Counsel fees and costs; and (5) award a Service Award to Frapanpina as the Named Plaintiff. If the Court denies the Preliminary Approval Motion, unless the Parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement, litigation of the Lawsuit will resume as if no settlement had been attempted.

## IX. NOTICE TO CLASS MEMBERS AFTER PRELIMINARY SETTLEMENT APPROVAL

80. Following preliminary approval, the Class Members shall be notified as follows:

(a) Within twenty (20) business days after entry of an order preliminarily approving this Agreement, Garda will provide the Settlement Administrator with the names, last known addresses, last known personal email address (where available), and social security numbers (in electronic format) of the Class Members, and for each work week in which such Class Members drove or rode in Light Vehicles in connection with their work for Garda, the number of hours worked greater than 40 hours and less than 50 hours in such weeks and the straight time rate paid for such hours worked by each such Class Member, during the Class Period. Within twenty (20) business days after the entry of an order preliminarily approving this Agreement, Garda will also advance to the Settlement Administrator $7,500.00 of the Settlement Administrator costs, which will be paid from the Gross Settlement Amount.

(b) Within fourteen (14) calendar days from receipt of this information, the Settlement Administrator shall (i) run the names of all Class Members through the National Change of Address ("NCOA") database to determine any updated addresses for Class Members, (ii) update the address of any Class Member for whom an updated address was found through the NCOA search, and (iii) mail the Settlement Forms in the form attached as Exhibits A (Class Notice) and B (Claim form) and approved by the Court (or in any other form as the Court may

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

approve) to the Class Members by First Class Mail (the Class Notice will contain individual

Notice Settlement Share Calculations for each Class Member, pursuant to Section 64, and retain

proof of mailing.

(c) The Settlement Administrator shall use its best professional efforts, including

performing a "skip trace," to track any Class Member's mailing returned as undeliverable, and

will re-send the Settlement Forms promptly, and in any event within five (5) business days of

identifying updated mailing addresses through such efforts. The address identified by the

Settlement Administrator as the current mailing address shall be presumed to be the best mailing

address for each Class Member. It will be conclusively presumed that, if an envelope so mailed

has not been returned within thirty (30) days of the mailing, the Class Member received the

Settlement Forms.

(d) As the Named Plaintiff, Joseph Frapanpina III does not need to file a Claim

Form to opt-in to the settlement and will receive a unique Class Notice that provides him with

sixty (60) days from the date of mailing to opt-out of the Settlement, advises him of the

opportunity to consult with counsel, and notifies him of the rights and consequences associated

with his options. The remainder of the Class Members will be provided with a separate notice

form that provides them with sixty (60) days from the date of mailing to opt-in to the Settlement.

These deadlines are referred to in this Agreement as the "Claim Bar Date."

(e) In the event that Class Counsel or the Settlement Administrator is contacted by

Frapanpina or a Class Member before the Claim Bar Date and such person indicates that he or

she did not receive the Class Notice, the Settlement Administrator shall mail an additional Class

Notice to the mailing address provided by such individual. In the event of re-mailing to a Class

Member, the deadline for returning a properly-executed Consent to Join and Release Form shall

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

be sixty (60) days after the date the first Class Notices were mailed out or fifteen (15) days from the date of re-mailing, whichever is later. In the event of re-mailing to Frapanpina, the deadline for returning the properly executed opt-out form shall be thirty (30) days after the date the first Class Notice was mailed out or fifteen (15) days from the date of re-mailing, whichever is later. The Settlement Administrator will not be required to attempt more than three mailings of the Settlement Forms to any Class Member.

(f) The Settlement Administrator will stamp the postmark date on the original of each of any Settlement Forms (including Claim Forms) or documents responsive to Settlement Forms it receives from Class Members and shall serve copies of each document received (including Claim Forms) not later than five days after receipt thereof to facilitate, among other things, filing with the Clerk of the Court.

## X. CLASS MEMBER PROCEDURE, AFFECTED CLASS MEMBER STATUS, AND QUALIFIED MEMBER STATUS

81. <u>Election Not to Participate in Settlement</u>. The Class Notice will provide that Class Members who wish to exclude themselves from the Settlement must follow the procedure specified in the Class Notice Approved by the Court to validly "opt out" of the Settlement within sixty (60) days after the mailing of the Settlement Forms. A Class Member who follows the procedure specified in the Class Notice Approved by the Court to validly "opt out" of the Settlement will not be bound by the Settlement or entitled to receive a Settlement Share. Garda will remain free to contest any claim brought by such a Non-Participating Class Member that would have been barred by this Agreement, and nothing in this Agreement will constitute or be construed as a waiver of any defense Garda has or could assert against such a claim.

(a) <u>Requests for Exclusion</u>. Any Class Member who wishes to opt-out of the settlement must complete and mail a Request for Exclusion (defined below) to the Settlement

26

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

Administrator within sixty (60) calendar days of the date of the initial mailing of the Class

Notices to Class Members (the "Response Deadline"). The Class Notice shall state that Class

Members who wish to exclude themselves from the settlement must submit a Request for

Exclusion by the Response Deadline. The Request for Exclusion must: (1) contain the name,

address, telephone number and the last four digits of the Social Security number of the Class

Member; (2) contain a statement that the Class Member wishes to be excluded from the

Settlement; (3) must be signed by the Class Member; and (4) must be postmarked by the

Response Deadline and mailed to the Settlement Administrator at the address specified in the

Class Notice. If the Request for Exclusion does not contain the information listed in (1)-(3), it

will not be deemed valid for exclusion from this settlement, except a Request for Exclusion form

not containing a Class Member's telephone number and/or last four digits of the Social Security

number will be deemed valid. The date of the postmark on the Request for Exclusion shall be the

exclusive means used to determine whether a Request for Exclusion has been timely submitted.

In the absence of a postmark, a Request for Exclusion will be deemed timely if received by the

Settlement Administrator within three (3) days after the Response Deadline. Any Class Member

who timely requests to be excluded from the Settlement will not be entitled to any recovery

under this Agreement and will not be bound by the terms of the settlement or have any right to

object, appeal or comment thereon.

      82. <u>Class Members Who Do Not "Opt Out" or "Opt In" Become Affected Class</u>

<u>Members</u>. A Class Member who neither follows the procedure specified in the Class Notice

Approved by the Court to validly "opt out" of the Settlement and become a Non-Participating

Class Member, nor submits a Claim Form in the manner and by the deadline specified above to

become a Qualified Class Member will automatically become an Affected Class Member,

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

regardless of whether he or she has objected to the Settlement. Affected Class Members are bound by all terms and conditions of the Settlement. Affected Class Members release all State Law claims, as explained in Section 58. Affected Class Members are not eligible to receive a Settlement Share. Only Qualified Class Members, as described above, are eligible to receive a Settlement Share.

83. <u>Class Members Who "Opt In" To Settlement Become Qualified Class Members</u>. A Class Member who submits a Claim Form, attached hereto as Exhibit B, that is either postmarked or otherwise returned within 60 days after the initial date the Settlement Forms are mailed out, as set forth above, will be a Qualified Class Member eligible to receive a Settlement Check. Qualified Class Members shall be deemed to have waived all federal, state, and local claims against Garda arising out of the facts, acts, transactions, occurrences, events, or omissions related to the Lawsuit, as explained in Section 57.

(a) In the event of any dispute over the submission of any claims from either Frapanpina or any Class Member, the Parties will meet and confer in good faith in an effort to resolve the dispute, and if the Parties are unable to reach an agreement, the Settlement Administrator shall decide the dispute, assuming in making that decision that Garda's records are accurate and valid, and the Settlement Administrator's decision will be final. If a claim is submitted late and the Parties mutually agree there is a good faith and reasonable explanation to support the late submission, the Parties agree that the Settlement Administrator may accept it, if submitted prior to the date payments are distributed.

(b) Frapanpina (provided he does not opt out) and the Class Members who timely return completed and executed Consent to Join and Release Forms will be considered "Qualified Class Members" entitled to receive, in Frapanpina's case, his Service Award, and in the case of

DocuSign Envelope ID: E969AD1A-1F5A-465C-A5B0-F6069E11E74A

all Qualified Class Members including Frapanpina, his or her finalized share of the Net

Settlement Amount (as defined in Section 32 of this Agreement).

(c) In the event any Consent to Join and Release Form is timely submitted but

does not contain a signature or sufficient information to identify the Class Member, the

Settlement Administrator shall provide the Class Member with a letter requesting the information

that was not provided and giving the Class Member a period of twenty (20) days to respond. Any

Class Member who fails to respond timely to a cure letter will not be considered a Qualified

Class Member.

(d) Within ten (10) days after the Claim Bar Date, the Settlement Administrator

shall provide to Garda's Counsel and Class Counsel a final list of Qualified Class Members,

Non-Participating Class Members, and Affected Class Members and shall provide electronic

copies of all timely received and completed Consent to Join and Release Forms, as well as any

timely received and completed Opt-Out form from Frapanpina. The Settlement Administrator

will retain the stamped originals of all Settlement Forms, as well as originals of all

accompanying envelopes in its files until such time as the Settlement Administrator is relieved of

its duties and responsibilities under this Agreement.

(e) At the conclusion of the settlement administration process, the Settlement

Administrator shall maintain an electronic copy of all forms and shall provide the original

Consent to Join, Release Forms and Opt-Out forms to Counsel for Garda, with a copy in

electronic form to Class Counsel.

84. <u>Option to Withdraw Settlement</u>.   If ten percent (10%) or more of the Class Members

or Frapanpina individually opt-out from the settlement, Garda may, at its discretion, elect to

revoke this Agreement by communicating that decision to both the Settlement Administrator and

Class Counsel, provided however, Garda will be responsible for any costs and fees incurred by
the Settlement Administrator up to that point. In that event, Frapanpina will be permitted to
pursue the Litigation as though no settlement occurred but the parties will retain the services of a
mediator to attempt to work through an alternative resolution.

## XI. OBJECTIONS TO SETTLEMENT

85. Class Members who wish to present objections to the Settlement at the Fairness
Hearing, including objections to the payment of Class Counsel's fees and expenses, must first do
so in writing. To be considered, such statement must be filed with the Court and served on
counsel for the Parties, not later than sixty (60) days after the Settlement Administrator mails the
Settlement Forms, via First-Class United States Mail, postage prepaid, regardless of whether a
subsequent mailing is required, or by such other date as may be ordered by the Court. The
statement must include all reasons for the objection. Any reasons not included in the statement
will not be considered. The statement must also include the name, job title, address, and
telephone numbers for the Class Member making the objection. A Class Member's failure to
specify his or her objections in writing in conformity with the specified time and procedures
shall be deemed to have waived all objections.

86. A Class Member who wishes to appear at the Fairness Hearing must state his or her
intention to do so in writing as part of the statement, and his or her failure to so specify will be
deemed a waiver of the right to appear. A Class Member may withdraw his or her objections at
any time, consistent with Rule 23. No Class Member may appear at the Fairness Hearing to
present an objection unless he or she has filed a timely objection that complies with the
procedures provided in Section 85 and this section. No Class Member may present an objection
at the Fairness Hearing based on a reason not stated in his or her written objections. A Class

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

Member who has followed the procedure specified in the Class Notice Approved by the Court to validly "opt out" of the Settlement and become a Non-Participating Class Member may not submit objections to the Settlement.

87. The Parties may file with the Court written responses to any filed objections no later than seven (7) days before the Fairness Hearing or by such other deadline as set by the Court.

## XII. FAIRNESS HEARING AND MOTION FOR FINAL APPROVAL AND DISMISSAL

88. Within fifteen (15) days after receipt of the Consent to Join, Release Forms and Opt-Out forms from the Settlement Administrator, and assuming Garda does not exercise its option under Section 84 of this Agreement to revoke this Agreement, the Parties shall jointly apply to the Court for entry of a Final Order and Judgment:

(a) Granting final approval to certification of the Settlement Collective and Settlement Class pursuant to the requirements of the FLSA and Rule 23 of the Federal Rules of Civil Procedure;

(b) Granting final approval to the Settlement Agreement and adjudging its terms to be fair, reasonable, and adequate pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, and as meeting the applicable standards for settlement under the FLSA, including the Service Award to Frapanpina, attorneys' fees and costs at one-third of the Gross Settlement Amount, and Settlement Administration costs as set forth in the Agreement; and

(c) Dismissing the Lawsuit with prejudice pursuant to the Federal Rules of Civil Procedure, with each party to bear his, her or its attorney's fees, litigation expenses, and costs, except as provided in this Agreement. Without affecting the finality of the Judgment, the Court will reserve exclusive and continuing jurisdiction for the purpose of enforcing the Agreement

31

and Judgment, addressing Settlement Administration matters, and addressing post-Judgment matters as may be appropriate to effectuate the Settlement.

89. If the Court fails to enter a Final Approval Order in accordance with this Agreement, or if the Final Approval Order is set aside by appeal, the Parties will resume litigation of the Lawsuit unless the Parties jointly agree to (i) seek reconsideration or appellate review of the decision denying Final Approval; or (ii) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

90. Invalidation of any material portion of this Settlement, except for the amount of the Service Award or Class Counsel Fees & Costs, shall invalidate this Settlement in its entirety unless the Parties shall subsequently agree in writing that the remaining provisions shall remain in full force and effect or agree in writing to modifications of this Agreement, provided that the failure by the Court or an appellate court to award or sustain the full amount of any Service Award or Class Counsel's attorney's fees, costs and expenses will not constitute a failure to approve the Settlement or a material modification of the Settlement. If, subject to the foregoing conditions, the Court denies the Preliminary Approval Motion or Final Approval Motion due to concerns that the Parties do not subsequently address through modifications of this Agreement, (i) this Settlement shall be considered null and void; (ii) neither this Settlement Agreement nor any of the related negotiations or proceedings shall be of any force or effect; (iii) the Parties shall stand in the same position, without prejudice, as if this Settlement had been neither entered into nor filed with the Court; and (iv) the terms and negotiation of this Settlement Agreement shall remain subject to Federal Rule of Evidence 408.

91. If litigation of the Lawsuit resumes under the circumstances in Sections 89-90, the Settlement Administrator will provide notice to the Affected Class Members and Qualified Class

32

Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Qualified Class Members under the Agreement and no rights are released by either Affected Class Members or Qualified Class Members regarding the Claims alleged in the Lawsuit. Such notice shall be mailed by the Settlement Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Administrator in mailing the Class Notices within a reasonable timeframe of the relevant event. Frapanpina and Garda shall split the costs associated with mailing such notice.

## XIII. ADMINISTERING THE SETTLEMENT AND PAYMENT PLAN

92. Within twenty (20) business days after the Effective Date, the Settlement Administrator will compile a list of the final Settlement Share amounts for each Qualified Class Member (the Final Settlement Share Calculation(s)) to be paid from the Net Settlement Amount, determined after deducting the Service Award and Class Counsel Fees & Costs approved in the Final Approval Order and the estimated final Settlement Administration cost from the Gross Settlement Amount.

93. Garda will calculate the amount of payroll taxes and other related withholdings to be deducted from the Settlement Shares and Service Award, and will generate the Settlement Checks and the Service Award and send them to the Settlement Administrator on February 1, 2022 or within five (5) business days after the Effective Date, or as soon thereafter as is practicable after all conditions for payment have be satisfied, whichever is later. Garda will also be responsible for calculating and paying its share of payroll taxes under the terms of the Agreement. The Settlement Administrator shall distribute the Settlement Checks and Service Award within ten (10) days after receipt of the checks from Garda.

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

94. The Settlement Checks for each Qualified Class Member's payment shall be sent to each Qualified Class Member by U.S. First Class mail to the Qualified Class Member's last known home address (updated by the Settlement Administrator as appropriate using measures such as the National Change of Address Database maintained by the United States Postal Service) with directions to the Postmaster to forward the payment checks and return all undeliverable payment checks to the Settlement Administrator. The Settlement Administrator will  provide verification to Class Counsel and Garda's Counsel within seven (7) days of mailing that it has distributed the Settlement Checks. It will be conclusively presumed that a Qualified Class Member's individual settlement payment check was received if the payment check has not been returned within thirty (30) days of the original mailing of the payment check. The date of the initial mailing of the payment check shall be conclusively determined according to the records of the Settlement Administrator.

95. <u>Distribution of Unclaimed Funds.</u> Any funds from the Gross Settlement Amount that are left unclaimed, including any checks that are not cashed within ninety (90) days of the original mailing, will be distributed to Garda.

## XIV. PARTIES' AUTHORITY

96. The signatories hereto hereby represent that they are fully authorized to enter into this Settlement and bind the Parties to the terms and conditions hereof.

## XV. MUTUAL FULL COOPERATION

97. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement

and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein. As soon as practicable after execution of this Settlement, Collective/Class Counsel shall, with the assistance and cooperation of Garda and its counsel, take all necessary steps to secure the approval of this Settlement from and entry of Judgment by the Court.

## XVI. CONFIDENTIALITY

98. Frapanpina and Class Counsel will keep the negotiations leading up to this Agreement, the Settlement Amount and the sum of individual Class Members' Settlement Shares, and the fact of the Settlement itself (together, "Confidential Settlement Issues") confidential, and they hereafter will not disclose Confidential Settlement Issues to any person or persons. Notwithstanding the foregoing, Frapanpina and Class Counsel may disclose Confidential Settlement Issues to their attorneys, accountants, and immediate families; to the Court and Court personnel, and in any public Court filings as necessary to seek Court approval of this Settlement, and otherwise as required by court or governmental order, subpoena, or as otherwise required by law. If required by court or governmental order, subpoena, or otherwise as required by law to disclose Confidential Settlement Issues, Frapanpina and Class Counsel will notify Garda's Counsel prior to making any such disclosure and permit Garda a reasonable time to object to such disclosure. Without limiting the generality of the foregoing, Frapanpina and Class Counsel agree that prior to moving for conditional approval of the Settlement, they shall not publicize any terms of this Settlement. After filing the motion for conditional Court approval and thereafter, Frapanpina and Class Counsel shall not publicize the Settlement or the terms thereof via (a) press releases, (b) statements to third parties or to the public, (c) Internet postings, or (d) communications with the media. In addition, Class Counsel shall make no reference to the

35

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069F11E74A

Settlement on their websites or marketing materials. All publicity concerning this settlement will be made by notices approved by the Court. This shall not prohibit Class Counsel from contacting Class Members and discussing this case or any aspect of this Settlement with Frapanpina or any Class Member and shall not prohibit Class Counsel from in any way disclosing their status as counsel in the case or making objective and truthful reference to the Settlement and any attorney fee award in any future pleading in the Lawsuit. If Frapanpina or Class Counsel violates this paragraph, Garda shall be entitled to any and all remedies available in law or in equity.

99. <u>Protected Rights</u>. Frapanpina and Class Members understand that nothing contained in this Agreement limits their ability to file a charge or complaint with the Equal Employment Opportunity Commission (EEOC), the National Labor Relations Board (NLRB), the Occupational Safety and Health Administration (OSHA), the Securities and Exchange Commission (SEC), Department of Labor (DOL), or any other federal, state or local governmental agency or commission (Government Agencies). Frapanpina and Class Members further understand that this Agreement does not limit their ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information, without notice to Garda. This Agreement does not limit Frapanpina's and Class Members' right to receive an award for information provided to any Government Agencies.

## XVII. NO EFFECT ON BENEFITS ENTITLEMENT

100. No amounts paid in connection with the Settlement, including any Service Award or Settlement Shares, are intended to, or will, be taken into account in determining any Class Member's rights or benefits under any Garda or vendor benefit plan or program. No Class

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

Member will use this Agreement as a basis for a request for participating in, or for benefits under, any such plan or program.

## XVIII. NO EFFECT ON EMPLOYMENT STATUS

101. This Agreement and the Settlement are not intended to and do not create an employment relationship of any kind between Garda and any Class Member, and do not constitute an admission than an employment relationship exists or has ever existed between Garda and any Class Member. Neither this Agreement, the fact of withholding of taxes from Settlement Shares, the reporting of such payments, nor any document supporting or evidencing the Settlement of this Litigation, shall be offered, used, or admissible in any proceeding of any kind for any purpose concerning the employee status of any Class Member or other individual who provided services to Defendant or any of its former or present parent, subsidiary, and affiliated entities.

## XIX. WAIVER OF APPEALS

102. Garda and Frapanpina waive all appeals from the Court's Final Approval of the Settlement unless the Court materially modifies the Settlement or reduces the amounts to be awarded as a Service Award or Class Counsel's attorney's fees and expenses.

## XX. FAIR, ADEQUATE AND REASONABLE SETTLEMENT

103. The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

## XXI. SEVERABILITY

104. If any provision of this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.

## XXII. NO PRIOR ASSIGNMENTS

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

105. Frapanpina represents and warrants that he has not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged by this Settlement Agreement.

## XXIII. NO ADMISSION OF LIABILITY OR CLASS CERTIFICATION

106. The Parties expressly recognize that the making of this Settlement Agreement does not in any way constitute an admission or concession of wrongdoing on the part of Garda. Nothing in this Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications or any materials prepared, exchanged, issued, or used relating to this Settlement, is intended by the Parties to, nor will any of the foregoing constitute, be introduced, be used or be admissible in any way in any other judicial, arbitral, administrative, investigative, or other forum or proceeding, as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Neither this Settlement Agreement nor any resulting Court judgment or order approving the settlement shall have any collateral estoppel or other preclusive effect against Garda, and it shall not in any way establish any liability against Garda. Frapanpina agrees that there shall be no such effect and shall not contend otherwise. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the Court entered into in connection therewith.

The Parties also agree that the stipulation of class certification is for settlement purposes only and if, for any reason, the Settlement is not approved, the stipulation will be of no force or effect. The Parties agree that certification for settlement purposes is in no way an admission that

#85025726_v4

class certification is proper and that evidence of this stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

## XXIV. ATTORNEYS' FEES, COSTS AND EXPENSES

107. Except as specifically set forth herein, each Party shall bear his/its own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by him/it arising out of the Lawsuit, and shall not seek reimbursement thereof from any other Party to this Agreement.

## XXV. ARMS' LENGTH

108. The Parties hereto agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties, that this Settlement Agreement is a fair, adequate, and reasonable settlement of the Lawsuit.

## XXVI. ENTIRE AGREEMENT

109. This Settlement Agreement is the sole and exclusive agreement with respect to the Released Claims and the resolution of the Lawsuit, and this Agreement supersedes all prior agreements, understandings, representations, and statements relating to the Lawsuit or to the claims and allegations in the Lawsuit, the Released Claims and the resolution of the Lawsuit, whether oral or written and whether by a Party or such Party's legal counsel. For avoidance of doubt, this Agreement does not vitiate or modify Frapanpina's or any Class Member's obligation under any other written agreement between such individual and Garda or any of its former or present parents, subsidiaries, and affiliated entities that was not executed in connection with this Lawsuit, such as any non-disclosure agreement, separation agreement, or any other release agreement between the individual and Garda or any of its former or present parents, subsidiaries, and affiliated entities, or any other agreement that such individual may have signed in connection with his or her assignment or engagement to provide services to Garda or any of its former or

39

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-F6069E11E74A

present parent, subsidiary, and affiliated entities or the termination of such assignment or engagement.

## XXVII. CAPTIONS AND INTERPRETATIONS

110. Section or paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## XXVIII. MODIFICATION

111. This Settlement Agreement may not be amended or otherwise modified, except in writing and signed by the Parties (or their successors-in-interest). This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XIX. MISCELLANEOUS

112. No rights hereunder may be waived except in writing. The Parties have made such investigation of the facts and the law pertaining to the matters described herein and to this Settlement Agreement as they deem necessary, and have not relied, and do not rely, on any statement, promise, or representation of fact or law, made by the other Party, or their agents, employees, attorneys, or representatives, with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing this Agreement, or with respect to any such matters that would alter or change the terms of this Agreement. No representations, warranties, or inducements have been made to any Party concerning this Agreement other than those expressly set forth or referred to herein.

#85025726_v4

DocuSign Envelope ID: F969AD1A-1F5A-465C-A5B0-E6069E11E74A

113. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

114. This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. The counterparts may be transmitted electronically (PDF) or by facsimile and may be signed via DocuSign or Adobe Sign.

115. This Agreement shall be governed, construed, and interpreted, and the rights of the Parties shall be determined, in accordance with the laws of the State of Illinois, irrespective of the State of Illinois' choice of law principles.

116. The Parties have cooperated in the negotiation and preparation of this Agreement. This Agreement shall not be construed against any Party on the basis that the Party, or the Party's counsel, was the drafter or participated in the drafting of this Agreement.

117. Without affecting the finality of the Judgment, the Court shall retain jurisdiction to enforce this Settlement Agreement. The Court will reserve exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Agreement and/or Judgment and over all Parties and Class Members, to the fullest extent necessary to enforce and effectuate the terms and intent of this Agreement.

118. This Settlement Agreement shall not be subject to collateral attack by any Class Member. Such prohibited collateral attack shall include, but not be limited to, claims that the Class Member(s) failed, for any reason, to timely receive his or her individual settlement payment.

#85025726_v4

Executed as of the date first above written.

IT IS SO AGREED.

DATED: August___, 2021          GARDA CL GREAT LAKES, INC.

By: _Rolando Hernandez_____

NAME Rolando Hernandez_____

TITLE SVP-HR_____

_____

DATED: November 4, 2021     _____
JOSEPH FRAPANPINA III, Plaintiff

AGREED AS TO FORM AND, AS TO SECTIONS 54 (d), 60 and 107 (dealing with attorney's fees and costs) and 98 (dealing with confidentiality), ALSO AGREED AS TO SUBSTANCE

_____
Terrence Buehler of The Law Office of Terrence Buehler

_____
Peter S. Lubin of Lubin Austermuehle, P.C.

_____
Patrick D. Austermuehle of Lubin Austermuehle, P.C

42

**EXHIBIT A**

\<Mailing Date\>

[RETURN ADDRESS OF SETTLEMENT ADMINISTRATOR]

### CLASS NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND
### COLLECTIVE ACTION LAWSUIT

*Re: Joseph Frapanpina III v. Garda CL Great Lakes, Inc.,* United States District Court, Northern District of Illinois, Case No. 19 cv 00493

To [MERGE NAME]:

You have not been sued. You are receiving this Notice because you are entitled to receive money as part of a class action and collective action lawsuit if you timely submit the Claim Form enclosed with this Notice. Please read this Notice and the enclosed Claim Form carefully.

*The Lawsuit*

Plaintiff Joseph Frapanpina III ("Plaintiff") filed the above-referenced Lawsuit in which he claims that Defendant Garda CL Great Lakes, Inc. ("Garda") failed to comply with the overtime provisions of the Fair Labor Standards Act and Illinois Minimum Wage Law. Garda denies Plaintiff's allegations, and contends that it has at all times complied with federal and state wage and hour law. Nevertheless, Garda highly values its employees, and it has chosen to settle this matter and make settlement payments to its employees instead of incurring further disruption and expense in this litigation. Garda has not admitted to any liability by entering into this settlement.

In the Lawsuit, Plaintiff sought overtime pay and other relief on behalf of himself and other alleged Class Members. Specifically, the Class Members include Driver/Messengers who worked at Garda's Broadview, Illinois, Bloomington, Illinois and Rockford, Illinois branches, who were not paid overtime for hours worked 41-50 during workweeks when they drove in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles"), between January 24, 2017 and June 30, 2021. You have been identified as one of the Class Members entitled to receive proceeds from the settlement.

*Preliminary Approval of the Settlement by the Court*

On [DATE], the United States District Court entered an order preliminarily certifying the Class for settlement purposes, preliminarily approving the settlement of this matter as fair, reasonable, and adequate, and directing the mailing of this Class Notice. The Court also preliminarily appointed Plaintiff as class representative and preliminarily appointed counsel (who are identified below) to represent the Class. After accounting for the relevant fees and costs and service award, a fund of approximately $240,333.00 will be established and used to pay the Class Members on a pro-rata basis calculated according to the number of work hours between 41 and 50 in work weeks each Class Member worked between January 24, 2017 and June 30, 2021 in a Light Vehicle and his or her overtime rate for such work hours. The settlement will represent 70% of the amount of overtime pay claimed due for this period in light of the risk and

uncertainty of the outcome and delay inherent in any litigation, including further litigation and appeal proceedings. Your estimated settlement share is $_____ (less withholding). The Court also preliminarily approved a service award to Plaintiff of $5,000.00 and an award of one-third of the Gross Settlement Amount, i.e., $120,167.00, to Class Counsel for attorney's fees, costs and expenses in the Lawsuit, and reasonable fees and expenses for a settlement administrator. The settlement releases all claims for back wages, damages, penalties, liquidated damages, treble damages, punitive damages, interest, and other relief that the Plaintiff and the Class Members may have under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and any other provisions of federal, Illinois and local law arising from the allegations in the Lawsuit or that could have been alleged in the Lawsuit.  The Release is limited to wage and hour claims only and does not release any other claims you may have.

*How to Submit a Claim*

Enclosed is a Claim Form that will allow you to receive a check as part of the settlement. **You must submit your Claim Form with a postmark no later than [insert date] if you wish to participate in the settlement and receive a check.** If your Claim Form is not mailed with a postmark no later than [insert date], you will not be considered a member of the Class even if you wish to be, but you still will release state law claims and will not receive any money. **DO NOT DELAY**.

Garda encourages you to submit a Claim, and will not take any adverse action against you for doing so.  Again, Garda denies the claims asserted and has not admitted any liability, but it has chosen to settle this matter to avoid the expense and disruption of further litigation.

Class Members who wish to exclude themselves from the settlement must submit a Request for Exclusion by [date]. The Request for Exclusion must: (1) contain the name, address, telephone number and the last four digits of the Social Security number of the Class Member; (2) contain a statement that the Class Member wishes to be excluded from the Settlement; (3) must be signed by the Class Member; and (4) must be postmarked by [date] and mailed to the Settlement Administrator at the address specified in this Class Notice. If you timely submit a Request for Exclusion, you will not receive any money under the settlement and you will not release any claims.

*Fairness Hearing*

The Court has scheduled a Fairness Hearing on -----------, ---- at ------ -.m. in Courtroom 1203 of the Everett McKinley Dirksen United State Courthouse, 219 S. Dearborn St., Chicago, IL 60604 to consider granting final approval to the settlement and dismissing the Lawsuit with prejudice.

Class Members who wish to present objections to the Settlement at the Fairness Hearing, including objections to the payment of Class Counsel's fees and expenses, must first do so in writing. To be considered, such statement must be filed with the Court and served on counsel for the Parties, not later than [date], or by such other date as may be ordered by the Court. The statement must include all reasons for the objection. Any reasons not included in the statement will not be considered. The statement must also include the name, job title, address, and telephone numbers for the Class Member making the objection. A Class Member's failure to specify his or her objections in writing in conformity with the specified time and procedures shall be deemed to have waived all objections. A Class Member who wishes to appear at the Fairness Hearing must state his or her

intention to do so in writing as part of the statement, and his or her failure to so specify will be deemed a waiver of the right to appear. A Class Member may withdraw his or her objections at any time, consistent with Rule 23 of the Federal Rules of Civil Procedure. No Class Member may appear at the Fairness Hearing to present an objection unless he or she has filed a timely objection that complies with the procedures provided this Notice. No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objections. A Class Member who has followed the procedure specified in this Notice to validly exclude himself or herself from the Settlement may not submit objections to the Settlement. If you neither timely return a Claim Form nor follow the procedures to exclude yourself from the settlement, you will be deemed to have released all state law claims, but will not receive a share of the settlement money.

*Questions*

If you have any questions regarding the settlement, please contact [name of Settlement Administrator] at [INSERT ADDRESS [AND PHONE] INFORMATION] or Class Counsel (whose contact information is below). **DO NOT CONTACT THE COURT ABOUT THIS NOTICE.**

| *Class Counsel* | *Garda's Counsel* |
|---|---|
| Terrence Buehler | Mark L. Shapiro |
| The Law Office of Terrence Buehler | Phillip M. Schreiber |
| 19 S. LaSalle St., Ste. 702 | Holland & Knight LLP |
| Chicago, IL 60603 | 150 N. Riverside Plaza, Suite 2700 |
| 312-371-4385 | Chicago, IL 6060 |
| tbuehler@tbuehlerlaw.com | 312-263-3600 |
| | mark.shapiro@hklaw.com |
| and | phillip.schreiber@hklaw.com |
| | |
| Peter S. Lubin | |
| Patrick D. Austermuehle | |
| Lubin Austermuehle, P.C. | |
| 360 West Butterfield Road Ste. 325 | |
| Elmhurst, IL 60126 | |
| (630) 333-0333 | |
| peter@l-a.law | |
| patrick@l-a.law | |

**EXHIBIT A-1**
**For Named Plaintiff Only**

\<Mailing Date\>

[RETURN ADDRESS OF SETTLEMENT ADMINISTRATOR]

## CLASS NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND COLLECTIVE ACTION LAWSUIT

*Re: Joseph Frapanpina III v. Garda CL Great Lakes, Inc.,* United States District Court, Northern District of Illinois, Case No. 19 cv 00493

To [MERGE NAME]:

You have not been sued. You are receiving this Notice because you are entitled to receive money as part of a class action and collective action lawsuit if you timely submit the Claim Form enclosed with this Notice. Please read this Notice and the enclosed Claim Form carefully.

*The Lawsuit*

Plaintiff Joseph Frapanpina III ("Plaintiff") filed the above-referenced Lawsuit in which he claims that Defendant Garda CL Great Lakes, Inc. ("Garda") failed to comply with the overtime provisions of the Fair Labor Standards Act and Illinois Minimum Wage Law. Garda denies Plaintiff's allegations, and contends that it has at all times complied with federal and state wage and hour law. Nevertheless, Garda highly values its employees, and it has chosen to settle this matter and make settlement payments to its employees instead of incurring further disruption and expense in this litigation. Garda has not admitted to any liability by entering into this settlement.

In the Lawsuit, Plaintiff sought overtime pay and other relief on behalf of himself and other alleged Class Members. Specifically, the Class Members include Driver/Messengers who worked at Garda's Broadview, Illinois, Bloomington, Illinois and Rockford, Illinois branches, who were not paid overtime for hours worked 41-50 during workweeks when they drove in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles"), between January 24, 2017 and June 30, 2021. You have been identified as one of the Class Members entitled to receive proceeds from the settlement.

*Preliminary Approval of the Settlement by the Court*

On [DATE], the United States District Court entered an order preliminarily certifying the Class for settlement purposes, preliminarily approving the settlement of this matter as fair, reasonable, and adequate, and directing the mailing of this Class Notice. The Court also preliminarily appointed Plaintiff as class representative and preliminarily appointed counsel (who are identified below) to represent the Class. After accounting for the relevant fees and costs and service award, a fund of approximately $240,333.00 will be established and used to pay the Class Members on a pro-rata basis calculated according to the number of work hours between 41 and 50 in work weeks each Class Member worked between January 24, 2017 and June 30, 2021 in a

Light Vehicle and his or her overtime rate for such work hours. The settlement will represent 70% of the amount of overtime pay claimed due for this period in light of the risk and uncertainty of the outcome and delay inherent in any litigation, including further litigation and appeal proceedings. Your estimated settlement share is $_____ (less withholding). The Court also preliminarily approved a service award to Plaintiff of $5,000.00 and an award of one-third of the Gross Settlement Amount, i.e., $120,167.00, to Class Counsel for attorney's fees, costs and expenses in the Lawsuit, and reasonable fees and expenses for a settlement administrator. As consideration for your service award, the settlement includes a general release by you of all claims under all federal state and local laws, not only for back wages, damages, penalties, liquidated damages, treble damages, punitive damages, interest, and other relief under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and any other provisions of federal, Illinois and local law arising from the allegations in the Lawsuit or that could have been alleged in the Lawsuit, but also a release of all other claims of any kind arising before the entry of Judgment in the Lawsuit, but excluded from this release are any claims or rights which cannot be waived by law, such as claims under the Illinois Workers' Compensation Act including the following workers' compensation claims by you: *Frapanpina v. Garda Cash Logistics and Gardaworld Security Corp.*, Nos. 13 WC 17524 & 16 WC 4572 (consolidated) (Ill. Workers Comp. Comm.).

*Claim Process*

You will automatically receive a settlement share check and your $5,000.00 Service Award unless you timely opt-out of the settlement. You do **not** need to submit a Claim Form in order to receive your settlement share and your Service Award. You have the opportunity to consult with counsel about whether to remain in the settlement and receive a settlement share and your Service Award or opt-out of the settlement.

Garda encourages you to receive your settlement share and your Service Award, and will not take any adverse action against you for doing so.  Again, Garda denies the claims asserted and has not admitted any liability, but it has chosen to settle this matter to avoid the expense and disruption of further litigation.

If who wish to exclude yourself from the settlement, you must submit a Request for Exclusion by [date]. The Request for Exclusion must: (1) contain your name, address, telephone number and the last four digits of your Social Security number; (2) contain a statement that you wish to be excluded from the Settlement; (3) must be signed by you; and (4) must be postmarked by [date] and mailed to the Settlement Administrator at the address specified in this Class Notice. If you timely submit a Request for Exclusion, you will not receive any money under the settlement, you will not release any claims, and you will not have any right to object, appeal or comment on the settlement.

*Fairness Hearing*

The Court has scheduled a Fairness Hearing on -----------, ---- at ------ -.m. in Courtroom 1203 of the Everett McKinley Dirksen United State Courthouse, 219 S. Dearborn St., Chicago, IL 60604 to consider granting final approval to the settlement and dismissing the Lawsuit with prejudice.

Class Members who wish to present objections to the Settlement at the Fairness Hearing, including

objections to the payment of Class Counsel's fees and expenses, must first do so in writing. To be considered, such statement must be filed with the Court and served on counsel for the Parties, not later than [date], or by such other date as may be ordered by the Court. The statement must include all reasons for the objection. Any reasons not included in the statement will not be considered. The statement must also include the name, job title, address, and telephone numbers for the Class Member making the objection. A Class Member's failure to specify his or her objections in writing in conformity with the specified time and procedures shall be deemed to have waived all objections. A Class Member who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing as part of the statement, and his or her failure to so specify will be deemed a waiver of the right to appear. A Class Member may withdraw his or her objections at any time, consistent with Rule 23 of the Federal Rules of Civil Procedure. No Class Member may appear at the Fairness Hearing to present an objection unless he or she has filed a timely objection that complies with the procedures provided this Notice. No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objections. A Class Member who has followed the procedure specified in this Notice to validly exclude himself or herself from the Settlement may not submit objections to the Settlement. If you neither timely return a Claim Form nor follow the procedures to exclude yourself from the settlement, you will be deemed to have released all state law claims, but will not receive a share of the settlement money.

*Questions*

If you have any questions regarding the settlement, please contact [name of Settlement Administrator] at [INSERT ADDRESS [AND PHONE] INFORMATION] or Class Counsel (whose contact information is below). **DO NOT CONTACT THE COURT ABOUT THIS NOTICE.**

|  |  |
|---|---|
| *Class Counsel* | *Garda's Counsel* |
| Terrence Buehler | Mark L. Shapiro |
| The Law Office of Terrence Buehler | Phillip M. Schreiber |
| 19 S. LaSalle St., Ste. 702 | Holland & Knight LLP |
| Chicago, IL 60603 | 150 N. Riverside Plaza, Suite 2700 |
| 312-371-4385 | Chicago, IL 6060 |
| tbuehler@tbuehlerlaw.com | 312-263-3600 |
| and | mark.shapiro@hklaw.com |
| | phillip.schreiber@hklaw.com |
| Peter S. Lubin | |
| Patrick D. Austermuehle | |
| Lubin Austermuehle, P.C. | |
| 360 West Butterfield Road Ste. 325 | |
| Elmhurst, IL 60126 | |
| (630) 333-0333 | |
| peter@l-a.law | |
| patrick@l-a.law | |

**EXHIBIT B**

**Frapanpina v. Garda Settlement**
c/o [name of settlement administrator]
[street address or PO Box of settlement administrator]
[city, state, zip code]

**CLASS ACTION CLAIM FORM**

Please print below your:

| _____ | _____ | _____ |
| First Name | Middle Initial | Last Name |

| _____ | _____ | _____ | _____ |
| Street Address | City | State | Zip |

Please provide the following personal identification information:

Email address: _____

(_____)_____     (_____)_____
Area Code   Daytime Telephone Number     Area Code   Evening Telephone Number

Last four digits of Social Security Number: _____     Date of Birth: ____/____/_____
                                                            Month  Day    Year

Other names used beginning 2017: _____

I understand that, if it is confirmed that I am a member of the Settlement Class, I am entitled to receive compensation based on a formula approved by the Court that takes into account the workweeks in which I worked on a "Light Vehicle" (with a Gross Vehicle Weight Rating of 10,000 pounds or less) and the number of hours I worked in those workweeks. I understand my entitlement to compensation and the amount I can receive will be determined exclusively from Garda's records.

I understand that the amount I may receive from this settlement may vary depending on the number and extent of claims filed, and that the settlement is explained more fully in the Class Notice mailed to class members and in documents posted on the Settlement Administrator's website.

You must mail this Claim Form (including the Consent To Join Lawsuit As Party Plaintiff included with this Claim Form) with a postmark **NO LATER THAN [insert date 60 days after mailing by Settlement Administrator]** in order to receive money from the class fund. **ACT NOW**

If your Claim Form is not mailed with a postmark no later than [insert date above], you will not be considered a member of the class even if you wish to be, but you still will be bound by the settlement as to state law claims and will not receive any money. **DO NOT DELAY**.

The information given in this Claim Form is private, and will be held in strictest confidence, except as needed by the Parties and Settlement Administrator. If you have any questions about this lawsuit, write to us at Frapanpina v. Garda Settlement, c/o [name and address of Settlement Administrator]; contact us by e-mail at [email address of Settlement Administrator]; or visit our web site at www.----------.com [web site for this settlement]**.**

YES, I WISH TO MAKE A CLAIM. TO DO SO, YOU MUST **1) SIGN THIS FORM BELOW** AND 2) **SIGN THE CONSENT TO JOIN LAWSUIT** THAT IS INCLUDED WITH THIS CLAIM FORM AND MAIL THEM TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESS AT THE TOP OF THIS CLAIM FORM

By signing this form below, I am confirming that the above information is correct and that:

1. I am the person identified above and am over the age of 18.
2. I have not received money or compensation for any of the claims involved in this case.
3. I will abide by, and be limited to, the formula for damages approved by the Court.
4. I will keep the Settlement Administrator informed of my whereabouts at all times.

I declare under penalty of perjury that the information given above is true and correct.

Date: _____    Signature: _____
      (mm/dd/yyyy)

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH FRAPANPINA III, on behalf of<br>himself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 cv 00493 |
| | ) | |
| GARDA CL GREAT LAKES, INC., | ) | Judge John Robert Blakey |
| | ) | Magistrate Judge Michael T. Mason |
| Defendant. | ) | |

**<u>CONSENT TO JOIN LAWSUIT AS PARTY PLAINTIFF</u>**

Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

I hereby consent to be a party plaintiff in this action. By joining this lawsuit, I designate the Named Plaintiff and his attorneys as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including settlement, and all other matters pertaining to this lawsuit. I further acknowledge that this consent is intended to be filed with the Court. For purposes of pursuing my damages claims against Defendant, I choose to be represented by The Law Office of Terrence Buehler and the law firm of Lubin Austermuehle, P.C. and other attorneys with whom they may associate.

Date: _____

_____
Signature

_____
Print Name

3

#150575498_v3

_____
Street Address

_____
City, State, Zip Code

_____
Email Address

4

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH FRAPANPINA III, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19 cv 00493 |
| GARDA CL GREAT LAKES, INC., | ) ) | Judge John Robert Blakey Magistrate Judge Michael T. Mason |
| Defendant. | ) | |

**FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION**
<u>**SETTLEMENT AND DISMISSING WITH PREJUDICE**</u>

WHEREAS this matter comes before the Court on the joint request of Plaintiff Joseph Frapanpina III and a class and collective action of persons similarly situated ("Class Representative" or "Plaintiff") and Defendant Garda CL Great Lakes, Inc. ("Defendant") for

(1)      final certification of the Settlement Class;

(2)      final approval of the Settlement of this case as memorialized in the Settlement Agreement, dated _____, 2021, including the award of a service payment for the Named Plaintiff, and attorneys' fees and expenses at 33⅓% of the $360,500.00 Gross Settlement Amount; and

(3)      entry of an Order and Judgment dismissing this action with prejudice; and

WHEREAS, Plaintiff and Defendant entered into the Agreement to settle this Class and Collective action; and

WHEREAS, the Court entered an Order Preliminarily Approving Settlement, dated _____, 2021, preliminarily certifying the proposed Class for settlement purposes under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act, ordering Notice to Class Members, and scheduling a Final Fairness Hearing for _____, 2021; and

WHEREAS, the Court has reviewed and considered the proposed Settlement Agreement and the submissions of the parties in support thereof, and has held oral argument at the Final Fairness Hearing in this matter on _____, 2021,

NOW THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. **Definitions.** For purposes of this Order, the Court adopts by reference the definitions set forth in the "Definitions" section of the Settlement Agreement.

2. **Class Action Requirements.** The Court finds that for the purpose of this settlement, the requirements of Federal Rule of Civil Procedure 23 have been met, in that:

   a. The Rule 23 Illinois Minimum Wage Law Settlement Subclass ("Rule 23 Settlement Subclass") is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to the Rule 23 Settlement Subclass, which predominate over any questions affecting only individual members;

   c. The Settlement Class Representative's claims are typical of the other Rule 23 Settlement Subclass Members' claims;

2

d. The Settlement Class Representative and Settlement Class Counsel have fairly and adequately protected the interests of the Rule 23 Settlement Subclass and absent Settlement Class members. The Settlement Class Members retained counsel experienced in bringing class action and wage and hour litigation.

3.     **Collective Action Requirements.** The Court finds that for the purpose of this settlement, the requirements of the Fair Labor Standards Act have been met, in that:

a. The FLSA Subclass Members are similarly situated;

b. Each FLSA Subclass Member gave his or her consent in writing to become a party plaintiff in this action, and such consent is filed in this Court.

4.     **Certification of the Settlement Class.** The requirements of Federal Rule of Civil Procedure 23(b)(3) and the Fair Labor Standards Act having been met, the Court certifies the following Settlement Class for the purpose of effectuating the Settlement:

FLSA Settlement Subclass:

*All persons who worked for Garda CL Great Lakes, Inc. ("Garda") at Garda's Broadview, Illinois, Bloomington, Illinois and Rockford, Illinois branches as Driver/Messengers, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") for at least one day in connection with their work for Garda **at any point during the period** January 24, 2017 **through** June 30, 2021 and who timely opted in to the Settlement by submitting a Consent to Join as Party Plaintiff Form in this action.*

Rule 23 Illinois Minimum Wage Law Settlement Subclass:

*All persons who worked for Garda at Garda's Broadview, Illinois, Bloomington, Illinois and Rockford, Illinois branches as Driver/Messengers, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") for at least one day in connection*

3

> *with their work for Garda **at any point during the period** January 24, 2017*
> ***through** June 30, 2021 and who did not timely opt out of this action.*

5.     **Notice.** The Court finds that dissemination of the Notice as provided for in the Preliminary Approval Order constituted the most effective and practicable notice, under the circumstances, to all Settlement Class Members concerning the pendency of this action, the proposed Settlement and the final fairness hearing, and constituted due and sufficient notice to all persons entitled to receive notice required by due process and Rule 23(6)(3) of the Federal Rules of Civil Procedure, the Fair Labor Standards Act and any other applicable law.

6.     **Final Approval of the Agreement.** The Court finds that the proposed Agreement is APPROVED as fair, reasonable and adequate, pursuant to Rule 23(e)(l)(C) of the Federal Rules of Civil Procedure, and as meeting the applicable standards for settlement under the Fair Labor Standards Act. The Court further finds that each and every term, provision, condition and agreement of the Settlement Agreement, including the release and all exhibits thereto, apply and are adopted, incorporated, and made part of this Judgment, as if copied herein in full, and shall be effective, implemented and enforced as provided in the Settlement Agreement.

7.     **Monetary Relief.** Defendant is required to pay a Gross Settlement Amount of $360,500.00 on a claims made basis, as fully set forth in the Settlement Agreement and allocated as follows:

- $5,000.00 committed to class representative;

- $120,167.00 committed to attorneys' fees, costs and expenses;

- $--------.00 committed to settlement administration fees and expenses; and

- $240,333.00 committed to class member settlement awards,

and all to be paid out of the Gross Settlement Amount.

8. **Service Award.** The Court approves the service award of $5,000.00 to the Named Plaintiff, which the Court finds to be reasonable, fair and appropriate.

9. **Jurisdiction**. The Court finds that it has jurisdiction over the subject matter of the Action, the Settlement Class Representative, the other Settlement Class Members, and the Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Agreement and/or Judgment.

10. **Attorneys' Fees, Costs and Expenses.** The Court awards to Settlement Class Counsel Attorneys' fees, costs and expenses in the amount of $120,167.00 which amount the Court finds is fair, adequate and reasonable. The amounts due under this Order and Judgment shall be paid out of the Gross Settlement Amount by the Settlement Administrator no later than 10 days after receipt of the settlement checks from Garda, which shall be prepared and sent by Garda to the Settlement Administrator on February 1, 2022 or within five business days after the Effective Date, as defined in the Settlement Agreement, or as soon thereafter as is practicable after all conditions for payment have been satisfied, whichever is later. Garda will also be responsible for calculating and paying its share of payroll taxes under the terms of the Agreement.

11. **Dismissal With Prejudice**. The Court finds that this Class and Collective Action is hereby DISMISSED WITH PREJUDICE.

5

12 . **<u>Confidential Information.</u>** The Court hereby orders that all materials containing Confidential Information pursuant to the Protective Order entered in this action shall be returned to the producing party or destroyed by the party to whom those materials were produced within 60 calendar days after the Effective Date as defined in the Settlement Agreement.

13. **<u>Entry of Judgment.</u>** There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED THIS _____ DAY OF _____, 2021

_____
John Robert Blakey
United States District Judge

6

EXHIBIT D

<u>**DRAFT PROPOSED ORDER**</u>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH FRAPANPINA III on behalf of himself and all other similarly situated** | ) ) ) | |
| | ) | **Case No. 19-cv-00493** |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Judge John Robert Blakey** |
| | ) | |
| **GARDA CL GREAT LAKES, INC.** | ) | **Magistrate Judge Michael T. Mason** |
| | ) | |
| **Defendant.** | ) | |

**ORDER CERTIFYING A SETTLEMENT CLASS**
**AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT**

This matter having come before the Court on the Plaintiff's and Defendant's Joint Motion For Preliminary Approval Of Settlement And Certification Of A Settlement Class (the "Joint Motion"), and based on the Court's consideration of the Joint Motion and the exhibits thereto, and the Court's own review of the pleadings and submissions in this case, the Court finds that the Joint Motion should be and hereby is GRANTED as set forth below.

At this juncture the Court is exercising its discretion and preliminarily certifying the class as defined for settlement purposes only and has not determined whether the litigation could properly be maintained as a class action for purposes of trial. The Court recognizes that the Defendant has reserved all of its defenses and rights to oppose certification of a class if the proposed settlement is not finally approved by the Court following the Fairness Hearing, should final approval be reversed on appeal, or should the Settlement Agreement and the settlement set forth therein otherwise fail to become effective.

Accordingly, the Court makes the following findings of fact and conclusions of law:

1.      The proposed settlement class comprises about 35 current and former driver/messengers who worked for Garda CL Great Lakes, Inc. ("Garda") at Garda's Broadview, Illinois, Bloomington, Illinois, and Rockford, Illinois branches as Driver/Messengers, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") for at least one day in connection with their work for Garda at any point during the period January 24, 2017 through June 30, 2021. The class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

2.      There are questions of law and fact common to the proposed class.  Fed. R. Civ. P. 23(a)(2).  These common questions include whether Plaintiff and all Class members were entitled to be paid overtime when they worked 41-50 hours in a given work week.

3.      The claims of the putative class representative, Joseph Frapanpina, are typical of the claims of the class.  Fed. R. Civ. P. 23(a)(3).  The representative plaintiff's claims, like the claims of all of the other class members, arise from the same course of conduct – the payment of straight time for 41-50 hours of work in a given work week.

4.      The representative party and his counsel will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a)(4).  Plaintiff's counsel (hereinafter referred to as "Class Counsel") has substantial experience litigating class actions, other complex litigation, and wage and hour cases.  The representative plaintiff's claims are not antagonistic to the claims of the other class members.  To the contrary, the representative plaintiff has the same interest as the other class members in attempting to establish that the defendant violated the overtime provisions of the Fair Labor Standards Act and the Illinois Minimum Wage Law.

5.      The Court concludes that the questions of law or fact common to the members of the class (*see* Paragraph 2 of this Order) predominate over any questions affecting only individual members.  Fed. R. Civ. P. 23(b)(3).

6.      The Court concludes that a class action is superior to other available methods for the fair and efficient settlement of this controversy.  Fed. R. Civ. P. 23(b)(3).

7.      The Court has considered: (i) the work Class Counsel has performed in identifying and investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and other wage and hour cases; (iii) Class Counsel's knowledge of the applicable law; and (iv) the resources Class Counsel has already committed and has promised to continue to commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(C)(i).  Based on the foregoing, the Court concludes that Class Counsel will fairly and adequately represent the interests of the class.

In accordance with the above findings and conclusions, IT IS HEREBY ORDERED:

1.      *Class Certification*.  The following class is certified for settlement purposes only pursuant to the parties' Settlement Agreement, Rule 23, Fed. R. Civ. P., and applicable provisions of the Fair Labor Standards Act:

FLSA Settlement Subclass:

All persons who worked for Garda CL Great Lakes, Inc. ("Garda") at Garda's Broadview, Illinois, Bloomington, Illinois, and Rockford, Illinois branches as Driver/Messengers, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") for at least one day in connection with their work for Garda at any point during the period January 24, 2017 through June 30, 2021 and who timely opted in to the Settlement by submitting a Consent to Join as Party Plaintiff Form in this action.

- 2 -

<u>Rule 23 Illinois Minimum Wage Law Settlement Subclass:</u>

All persons who worked for Garda at Garda's Broadview, Illinois, Bloomington, Illinois, and Rockford, Illinois branches as Driver/Messengers, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") for at least one day in connection with their work for Garda at any point during the period January 24, 2017 through June 30, 2021 and who did not timely opt out of this action.

2.      *Class Representatives; Class Counsel*.  Joseph Frapanpina is designated as Class Representative for the class, and the law firms of The Law Office of Terrence Buehler and Lubin-Austermuehle are designated as Class Counsel for the class.

3.      *Settlement Administrator*.  The procedure in the Settlement Agreement for appointing a Settlement Administrator is approved.

4.      *Proposed Class Settlement*.  The proposed Settlement Agreement between the Class and Defendant is determined, upon review, to be: (a) fair, reasonable, and adequate; (b) entered into in good faith and without collusion; and (c) within the range of possible judicial approval; and therefore shall be submitted to the Class for consideration at the Fairness Hearing.

5.      *Fairness Hearing*.  The Court has scheduled a Fairness Hearing on _____, 202_, at _____ _.m. in Courtroom 1203 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604 to consider granting final approval to the settlement and dismissing the Lawsuit with prejudice. The Court will consider Class Counsel's application for reasonable fees and reimbursement of expenses during or immediately after the Fairness Hearing.

6.      *Class Notice*.   The Court approves the form, content, and method of dissemination to the putative Class Members of the Class Notice attached to the Settlement Agreement as Exhibit A, and orders its dissemination by the method described in the Settlement Agreement, so that the Court may obtain and consider comments or objections of the Class, if any, regarding the Settlement Agreement and the settlement set forth therein, and consider its fairness, reasonableness, and adequacy.

> A. Should the Settlement Agreement and the settlement set forth therein not receive this Court's final approval, should final approval be reversed on appeal or should the Settlement Agreement and the settlement set forth therein otherwise fail to become effective, the parties shall be returned to the *status quo ante* pursuant to the terms of the Settlement Agreement, and the Settlement Agreement, as well as any negotiations, proceedings, documents prepared, and statements made in connection therewith, shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law nor used in any manner for any purpose.

PD.5564779.2

      B.   Any member of the Class who wishes to exclude himself or herself from the Class must provide written notification of exclusion in accordance with the terms of the Class Notice attached as Exhibit A to the Settlement Agreement, by _____ __, 202_.

      C.   Any member of the Class or party to this action who objects to the approval of the Settlement Agreement and the settlement set forth therein or to entry of final judgment, may timely and properly file the appropriate documentation of such objection, in accordance with the terms of the Class Notice attached as Exhibit A to the Settlement Agreement, on or before _____ __, 202_, and may appear at the Fairness Hearing and show cause why the Settlement Agreement and the settlement set forth therein should not be approved as fair, reasonable, and adequate. Objections to the Settlement Agreement shall be heard and considered by the Court only if the objector properly and timely files and provides a concise written statement describing the specific reason(s) for his or her objections.

      D.   Class Counsel and counsel for the Defendant should be prepared, and are hereby authorized, to respond to any objections or requests for exclusion by contacting Class members (through counsel, if represented) and by providing other information, as appropriate, bearing on the relief requested in the Joint Motion.

      7.    *Continuing Jurisdiction.* The Court shall maintain continuing jurisdiction over the settlement proceedings to assure the effectuation thereof.

Dated: _____, 2021.

                             Entered:

                             _____
                             John Robert Blakey
                             United States District Court Judge