# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH FRAPANPINA III on behalf of himself and all other similarly situated<br><br>                Plaintiff,<br>v.<br><br>GARDA CL GREAT LAKES, INC.<br><br>                Defendant. | Case No. 19-cv-00493<br><br>Judge John Robert Blakey |

## ORDER CERTIFYING A SETTLEMENT CLASS
## AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT

This matter having come before the Court on the Plaintiff's and Defendant's Joint Motion For Preliminary Approval Of Settlement And Certification Of A Settlement Class (the "Joint Motion") [91], and based on the Court's consideration of the Joint Motion and the exhibits thereto, and the Court's own review of the pleadings and submissions in this case, the Court finds that the Joint Motion should be and hereby is GRANTED as set forth below.

At this juncture the Court is exercising its discretion and preliminarily certifying the class as defined for settlement purposes only and has not determined whether the litigation could properly be maintained as a class action for purposes of trial. The Court recognizes that the Defendant has reserved all of its defenses and rights to oppose certification of a class if the proposed settlement is not finally approved by the Court following the Fairness Hearing, should final approval be reversed on appeal, or should the Settlement Agreement and the settlement set forth therein otherwise fail to become effective.

Accordingly, the Court makes the following findings of fact and conclusions of law:

1.  The proposed settlement class comprises about 35 current and former driver/messengers who worked for Garda CL Great Lakes, Inc. ("Garda") at Garda's Broadview, Illinois, Bloomington, Illinois, and Rockford, Illinois branches as Driver/Messengers, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") for at least one day in connection with their work for Garda at any point during the period January 24, 2017 through June 30, 2021. The class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

2.  There are questions of law and fact common to the proposed class. Fed. R. Civ. P. 23(a)(2). These common questions include whether Plaintiff and all Class members were entitled to be paid overtime when they worked 41-50 hours in a given work week.

3.  The claims of the putative class representative, Joseph Frapanpina, are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). The representative plaintiff's claims, like the claims of all of the other class members, arise from the same course of conduct – the payment of straight time for 41-50 hours of work in a given work week.

4.  The representative party and his counsel will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Plaintiff's counsel (hereinafter referred to as "Class Counsel") has substantial experience litigating class actions, other complex litigation, and wage and hour cases. The representative

plaintiff's claims are not antagonistic to the claims of the other class members. To the contrary, the representative plaintiff has the same interest as the other class members in attempting to establish that the defendant violated the overtime provisions of the Fair Labor Standards Act and the Illinois Minimum Wage Law.

5. The Court concludes that the questions of law or fact common to the members of the class (*see* Paragraph 2 of this Order) predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3).

6. The Court concludes that a class action is superior to other available methods for the fair and efficient settlement of this controversy. Fed. R. Civ. P. 23(b)(3).

7. The Court has considered: (i) the work Class Counsel has performed in identifying and investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and other wage and hour cases; (iii) Class Counsel's knowledge of the applicable law; and (iv) the resources Class Counsel has already committed and has promised to continue to commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). Based on the foregoing, the Court concludes that Class Counsel will fairly and adequately represent the interests of the class.

In accordance with the above findings and conclusions, IT IS HEREBY ORDERED:

1. *Class Certification.* The following class is certified for settlement purposes only pursuant to the parties' Settlement Agreement [[92-1], Rule 23, Fed. R. Civ. P., and applicable provisions of the Fair Labor Standards Act:

> <u>FLSA Settlement Subclass:</u>
> All persons who worked for Garda CL Great Lakes, Inc. ("Garda") at Garda's Broadview, Illinois, Bloomington, Illinois, and Rockford, Illinois branches as Driver/Messengers, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") for at least one day in connection with their work for Garda at any point during the period January 24, 2017 through June 30, 2021 and who timely opted in to the Settlement by submitting a Consent to Join as Party Plaintiff Form in this action.
>
> <u>Rule 23 Illinois Minimum Wage Law Settlement Subclass:</u>
> All persons who worked for Garda at Garda's Broadview, Illinois, Bloomington, Illinois, and Rockford, Illinois branches as Driver/Messengers, who drove or rode in vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less ("Light Vehicles") for at least one day in connection with their work for Garda at any point during the period January 24, 2017 through June 30, 2021 and who did not timely opt out of this action.

2. *Class Representatives; Class Counsel.* Joseph Frapanpina is designated as Class Representative for the class, and the law firms of The Law Office of Terrence Buehler and Lubin-Austermuehle are designated as Class Counsel for the class.

3. *Settlement Administrator.* The procedure in the Settlement Agreement for appointing a Settlement Administrator is approved. The Settlement Administrator is Kroll Settlement Administration LLC.

4. *Proposed Class Settlement.* The proposed Settlement Agreement [92-1] between the Class and Defendant is determined, upon review, to be: (a) fair,

reasonable, and adequate; (b) entered into in good faith and without collusion; and (c) within the range of possible judicial approval; and therefore shall be submitted to the Class for consideration at the Fairness Hearing.

5. *Fairness Hearing.* The Court has scheduled a Fairness Hearing on **June 10, 2022 at 11:00 a.m.** in Courtroom 1203 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604 to consider granting final approval to the settlement and dismissing the Lawsuit with prejudice. The Court will consider Class Counsel's application for reasonable fees and reimbursement of expenses during or immediately after the Fairness Hearing.

6. *Class Notice.* The Court approves the form, content, and method of dissemination to the putative Class Members of the Class Notice attached to the Settlement Agreement as Exhibit A [91-1] at 44–46, and orders its dissemination by the method described in the Settlement Agreement, so that the Court may obtain and consider comments or objections of the Class, if any, regarding the Settlement Agreement and the settlement set forth therein, and consider its fairness, reasonableness, and adequacy. Class Members will have 60 days after the Settlement Administrator mails the Class Notice to file Claims, using the Claim Form (including the Consent to Join Lawsuit as Party Plaintiff) provided with the Class Notice.

    A. Should the Settlement Agreement and the settlement set forth therein not receive this Court's final approval, should final approval be reversed on appeal or should the Settlement Agreement and the settlement set forth therein otherwise fail to become effective, the parties shall be returned to the *status quo ante*

pursuant to the terms of the Settlement Agreement, and the Settlement Agreement, as well as any negotiations, proceedings, documents prepared, and statements made in connection therewith, shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law nor used in any manner for any purpose.

  B. Any member of the Class who wishes to exclude himself or herself from the Class must provide written notification of exclusion in accordance with the terms of the Class Notice attached as Exhibit A to the Settlement Agreement, within 60 days after the mailing of the Class Notice by the Settlement Administrator.

  C. Any member of the Class or party to this action who objects to the approval of the Settlement Agreement and the settlement set forth therein or to entry of final judgment, may timely and properly file the appropriate documentation of such objection, in accordance with the terms of the Class Notice attached as Exhibit A to the Settlement Agreement, within 60 days after the Settlement Administrator mails the Class Notice, and may appear at the Fairness Hearing and show cause why the Settlement Agreement and the settlement set forth therein should not be approved as fair, reasonable, and adequate.  Objections to the Settlement Agreement shall be heard and considered by the Court only if the objector properly and timely files and provides a concise written statement describing the specific reason(s) for his or her objections.

  D. Class Counsel and counsel for the Defendant should be prepared, and are hereby authorized, to respond to any objections or requests for exclusion by

contacting Class members (through counsel, if represented) and by providing other information, as appropriate, bearing on the relief requested in the Joint Motion.

    7.    *Continuing Jurisdiction.* The Court shall maintain continuing jurisdiction over the settlement proceedings to assure the effectuation thereof.

Dated: November 22, 2021          Entered:

                                               John Robert Blakey
                                               United States District Judge